IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANA WHITLEY,

    *Plaintiff,*

    v.

JAMES DIGGS, *et al.*,

    *Defendants.*

Civil No. 1:25-cv-02230-JRR

## MEMORANDUM AND ORDER

Pending before the court is Defendant Baltimore County Executive Katherine Klausmeier's Motion to Dismiss at ECF No. 6 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I.    Background[1]

"On July 27, 1997, the Baltimore County Police Department arrested Plaintiff Dana Whitley for a double homicide that had occurred on December 3, 1993." (ECF No. 1 at p. 2.) Detectives James Diggs and Milton Duckworth subsequently interrogated Plaintiff about the incident. *Id.* Detective Diggs then applied for criminal charges on July 28, 1997, and asserted in his application that Plaintiff "confessed to the crime through a confidential informant." *Id.* Plaintiff was later charged and detained at the Baltimore County Detention Center "under a no-bail status for a crime he did not commit" until the case "was later dismissed with prejudice via a nolle prosequi disposition."[2] *Id.* Plaintiff asserts claims sounding in "malicious prosecution, false

---

[1] In ruling on the instant Motion, the court accepts as true all well-pled facts set forth in the Complaint (ECF No. 1). *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

[2] "A *nolle prosequi* is an official declaration by the State, announcing that it will not pursue the charges in a particular charging document." *In re Darren M.*, 358 Md. 104, 112 (2000).

imprisonment, and intentional infliction of emotional distress," as well as violations of 42 U.S.C. § 1983 and Article 24 of the Maryland Declaration of Rights. *Id.* at pp. 2–3.

## II.    Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017), *as amended* (Jan. 20, 2017) (quoting *Papasan v. Allain*, 478 U.S. 265, 283 (1986)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, thereby nudging its claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citation modified) (quoting *Twombly,* 550 U.S. at 555, 570). The plausibility requirement is not "a probability requirement but rather a mandate that a plaintiff 'demonstrate more than a sheer possibility that a defendant has acted unlawfully." *In re Birmingham*, 846 F.3d at 92 (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)). Reliance on "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient.[3] *Twombly*, 550 U.S. at 555.

---

[3] The court need not consider Plaintiff's proffered exhibits in support of his opposition to the Motion (to the extent they are properly considered on a Rule 12(b)(6) motion), as they are not material to the court's analysis.

III.    Analysis[4]

Defendant County Executive Klausmeier seeks dismissal of all claims against her because Plaintiff has failed to allege "a single fact pertaining to [her]," let alone "attribute any conduct, action or involvement to [her] that would support a plausible claim for relief." (ECF No. 6-1 at p. 2.)  In response to this argument, Plaintiff seemingly contends that his suit against County Executive Klausmeier is a suit against the municipality pursuant to *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978), and under the Maryland Declaration of Rights.  (ECF No. 8.)  Although his response suggests he sues County Executive Klausmeier solely in her official capacity, cognizant of his *pro se* status, the court will consider the sufficiency of the claims against County Executive Klausmeier assuming they are brought against both her individual and official capacities.[5]

Turning first to any individual-capacity suit arising from § 1983 against County Executive Klausmeier, Plaintiff's allegations are insufficient to state a claim.  By way of background, "Section 1983 provides a cause of action against '[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State' deprives someone of a federal constitutional or statutory right." *Lindke v. Freed*, 601 U.S. 187, 194 (2024) (emphasis omitted) (quoting 42 U.S.C. § 1983).  "To establish personal liability under § 1983, . . . the plaintiff must 'affirmatively

---

[4] This court is mindful of its obligation to construe liberally the pleadings of self-represented litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022).  Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (first quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); and then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

[5] "[W]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995).  "[T]he underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." *Id.* (discussing factors for consideration).  While it appears from Plaintiff's Complaint and Motion opposition that he asserts solely official-capacity claims, the court will nonetheless consider any possible individual-capacity claim for completeness.

show[] that the official charged acted personally in the deprivation of the plaintiff's rights,'" which is to say that the "official's 'own individual actions' must have 'violated the Constitution.'" *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) (first quoting *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Where Plaintiff fails to allege any action by County Executive Klausmeier, let alone action that would violate the Constitution, his allegations are insufficient to support a plausible § 1983 individual capacity claim.

A similar issue arises as to Plaintiff's state law claims. Unlike with a federal § 1983 action, the official/individual capacity distinction "does not apply to Maryland constitutional violations," *see Barbre v. Pope*, 402 Md. 157, 163 n.4 (2007), and "[s]tate law does not allow . . . bifurcation" of intentional tort claims as to official and individual capacities, *see Ritchie v. Donnelly*, 324 Md. 344, 375 (1991). *See also Graham v. Maryland*, 738 F. Supp. 3d 644, 657 (D. Md. 2024) (discussing same). And while a municipality may be liable for the constitutional violation of its official under a theory of respondeat superior, *see Prince George's Cnty. v. Longtin*, 419 Md. 450, 493–94 (2011) (quoting *DiPino v. Davis*, 354 Md. 18, 51–52 (1999)), Plaintiff does not name the municipality as a Defendant here.[6] The Complaint does not include any allegations to support some basis upon which to find County Executive Klausmeier liable for the 1997 actions of Defendant Detectives Diggs and/or Duckworth. (ECF No. 1 at p. 2.) Plaintiff therefore similarly fails to allege sufficient facts to support his state law claims against County Executive Klausmeier.

Finally, the court considers any official-capacity suit against County Executive Klausmeier. While "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law," "[o]fficial-capacity suits, in contrast,

---

[6] As discussed at greater length below, "Baltimore County Police Headquarter" is not a proper municipal entity subject to suit.

'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n.55 (1978)). Accordingly, "[f]or purposes of Section 1983, these official-capacity suits are 'treated as suits against the [municipality].'" *Santos v. Frederick Cnty. Bd. of Comm'rs*, 725 F.3d 451, 469 (4th Cir. 2013) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). "More is required in an official-capacity action," as "a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation." *Graham*, 473 U.S. at 166 (quoting *Polk County v. Dodson,* 454 U.S. 312, 326 (1981)); *see King v. Rubenstein*, 825 F.3d 206, 223 (4th Cir. 2016) (same). To demonstrate such a claim, the municipality's "'policy or custom' must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166 (first citing *Monell*, 436 U.S. at 690 n.55; and then citing *Oklahoma City v. Tuttle,* 471 U.S. 808, 817–18 (1985)). Such claims have two components: "(1) the municipality had an unconstitutional policy or custom; and (2) the unconstitutional policy or custom caused a violation of the plaintiff's constitutional rights." *Saltz v. City of Frederick, MD*, 538 F. Supp. 3d 510, 554 (D. Md. 2021) (citing *Bd. of Comm'rs of Bryan Cnty., v. Brown*, 520 U.S. 397, 403 (1997)).

Even affording Plaintiff's allegations liberal construction and accepting his allegations as true, Plaintiff alleges no unconstitutional policy or custom that caused a violation of his rights. At most, Plaintiff seems to allege that Defendant Detectives Biggs and Duckworth violated his constitutional rights;[7] there are no allegations that support any plausible claim or conclusion that a municipal entity was the moving force behind any alleged constitutional violation at issue.

---

[7] The court makes no findings of whether Plaintiff has stated plausible claims against Defendant Detectives Biggs and Duckworth.

Plaintiff thus similarly fails to plausibly allege a § 1983 official-capacity claim against County Executive Klausmeier.

Based on the foregoing, the Motion will be granted, and the Complaint will be dismissed as against County Executive Klausmeier.

## IV.    Remaining Defendants

In view of the court's finding above, the remaining Defendants in this case are Defendants Detective James Diggs, Milton Duckworth, and "Baltimore County Police Headquarter."  (ECF No. 1.)  Plaintiff has filed proofs of service of these Defendants, showing that a deputy from the Baltimore County Sherriff's Office "personally served summons on the individual[s]" Detective Diggs, Detective Duckworth, and "Baltimore County Police Headquarters" at "Police HQ" located at 700 East Joppa Road.  (ECF No. 5.)

Particularly with regard to Baltimore County Police Headquarters, it does not appear service was properly effected.  As an initial matter, it does not appear to this court that "Baltimore County Police Headquarter" is a proper party to this suit.  Indeed, "[l]ocal police departments are not legal entities amendable to civil suit—the local police department's parent municipal corporation is the proper defendant." *Costley v. City of Westminster*, No. CV GLR-16-1447, 2017 WL 35437, at *1 n.1 (D. Md. Jan. 4, 2017), *aff'd sub nom. Costley v. Steiner*, 689 F. App'x 753 (4th Cir. 2017); *see Neal v. Frayer*, No. CV 24-0778-BAH, 2025 WL 621984, at *4 n.6 (D. Md. Feb. 26, 2025) (recognizing same); *Abunaw v. Campos*, No. PWG-16-3075, 2018 WL 453523, at *1 n.3 (D. Md. Jan. 17, 2018) (recognizing same).  Even were it a proper party, the proof of service does not support a finding of effective service as "Baltimore County Police Headquarter" is not an individual subject to personal service.  Instead, for service to be effected, summons must have been served on an individual designated by law to accept service of process.

In any event, no action has been taken with regard to these Defendants since Plaintiff filed proof of service on September 25, 2025, more than nine months ago. Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b); *see also* Local Rule 103.8(b) (D. Md. 2025). Relatedly, "a court has the 'inherent power' to dismiss an action for want of prosecution," power that it "derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). As Plaintiff has taken no action to prosecute his claims against the remaining Defendants for more than nine months, and as it does not appear that Baltimore County Police Headquarters is a proper Defendant, the court will order Plaintiff to show good cause within 14 days why this case should not be dismissed as to Defendants Detective James Diggs, Milton Duckworth, and Baltimore County Police Headquarters.

## V.    Conclusion and Order

Accordingly, for the reasons set forth herein, it is this 14th day of July 2026,

**ORDERED** that Defendant's Motion to Dismiss (ECF No. 6) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that the Complaint (ECF No. 1) shall be, and is hereby, **DISMISSED without prejudice** as against Defendant Baltimore County Executive Katherine Klausmeier; and further it is

8

**ORDERED** that, within 14 days of entry of this order, Plaintiff shall show good cause why this case should not be dismissed without prejudice as against Defendants Detective James Diggs, Milton Duckworth, and Baltimore County Police Headquarter for the reasons set forth above.

Madam Clerk shall transmit a copy of this Memorandum and Order to Plaintiff.

/S/

_____

Julie R. Rubin
United States District Judge

8